■ In the Matter of SQUARE PLUS OPERATING CORP. et al., Petitioners, v CITY OF NEW YORK et al., Respondents. [622 NYS2d 938] —Determination of respondent Commissioner of Finance, as sustained by respondent City of New York Tax Appeals Tribunal, finding a deficiency of commercial rent or occupancy tax against petitioners in the aggregate amount of $438,101.89 including interest unanimously confirmed, the petition denied, and the proceeding (transferred to this Court by order of the Supreme Court, New York County [Angela Mazzarelli, J.], entered on or about September 28, 1993), unanimously dismissed, without costs.

Section 11-704 (f) of the Administrative Code of the City of New York, which limits rent subject to the commercial rent or occupancy tax to 15% of gross receipts of the tenant/taxpayer, applies only to that portion of the rent paid and calculated solely on the basis of gross receipts from petitioner Square Plus's parking facility at 300 West 50th Street in Manhattan. The section does not apply to the guaranteed minimum portion of such rent, as clearly illustrated by illustration (B) of the regulations at 19 RCNY 7-01 (Base Rent) (7) (i) (formerly Commercial Rent or Occupancy Tax Regulations art 8A).

The February 9, 1979 document entitled "MANAGEMENT AGREEMENT", between petitioner Medical Parking Management (MPM) and the New York City Health and Hospitals Corporation on behalf of Lincoln Hospital, was properly determined to be a lease, rather than an independent management agreement. The agreement explicitly granted MPM an "exclusive license" to operate a parking facility. Section 11-701 (3) of the Administrative Code (former § L46-1.0 [3]) defines "tenant" as "[a] person paying or required to pay rent for premises as a lessee, sublessee, licensee or concessionaire". Section 11-701 (6) defines "rent" as "[t]he consideration paid or required to be paid by a tenant for the use or occupancy of premises". Respondents were correct in determining that MPM was a tenant, and that the payments it made for its exclusive license constituted rent subject to taxation. Concur—Wallach, J. P., Rubin, Ross and Asch, JJ.